IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:21-cv-00166-MOC-WCM

| | | |
|---|---|---|
| HEATHER KATHLEEN GUNN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| BRANDON R. PADGETT | ) | |
| NC State Highway Patrol Trooper, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the Court for case management purposes.

Plaintiff, who is proceeding *pro se*, filed her Complaint on June 23, 2021.
Doc. 1.

On October 15, 2021, the Clerk provided Plaintiff with a Notice of
Availability of Pro Se Settlement Assistance Program (Doc. 12), which gave
Plaintiff information regarding this District's Pro Se Settlement Assistance
Program (the "Program").

On November 18, 2021, Plaintiff requested additional time to decide
whether she would like to participate in the Program. Doc. 15. However,
Plaintiff also filed, on November 18, 2021, a form indicating that she was
opting into the Program "just in case the Magistrate is not able to grant an
extension of time to decide…." Doc. 16.

On November 19, 2021, considering Plaintiff's indication that she would like to opt into the Program absent an extension of time, the undersigned directed the Clerk to process, in the usual course, Plaintiff's request to participate in the Program. Doc. 17.

The Clerk's office identified an attorney to assist Plaintiff and, on February 17, 2022, potential Program counsel filed a Motion for Appointment of Program Counsel. (the "Motion to Appoint," Doc. 18).

However, on February 23, 2022, Plaintiff filed a "Motion for Requesting to Withdraw Pending Motion for Appointment of Program Attorney" (the "Motion to Withdraw," Doc. 19), stating that she did not agree for the Motion to Appoint to be filed.

On March 2, 2022, Plaintiff's Motion to Withdraw was granted. Doc. 20. The March 2 Order advised that given the length of time this case has been pending, as well as the time that had elapsed since Plaintiff first opted into the Program, if a new motion seeking the appointment of Program counsel had not been filed by March 25, 2022, the undersigned would recommend that the presiding district judge remove the case from the Program so that it may proceed in the ordinary course. Id.; see also LCvR 16.4(c)(3) ("If at any time the presiding judge finds in the judge's sole discretion that participation in the Program for a particular case will not serve the Program's purpose or that the Program is not appropriate under the circumstances of a particular case, the

presiding judge will notify the parties and a regular IAC notice will be issued, advising the parties that an IAC must be conducted.").

The undersigned is advised that, since the March 2 Order, the Clerk has contacted numerous attorneys in an attempt to locate alternate Program counsel for Plaintiff. None of those attorneys, however, have been able to accept this case. Accordingly, a new Motion to Appoint Program Counsel was not filed by March 25, 2022.

Therefore, consistent with the undersigned's March 2 Order, it is **RESPECTFULLY RECOMMENDED** that this case be removed from the Program, and that the parties be directed to conduct an initial attorney conference.

Signed: March 30, 2022

W. Carleton Metcalf
United States Magistrate Judge